UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN,

               Plaintiff(s),

     v.

SEATTLE ART MUSEUM,

               Defendant(s).

NO. C07-58MJP

ORDER ON CROSS-MOTIONS TO
COMPEL AND FOR SANCTIONS

     The above-entitled Court, having received and reviewed:

1.     Plaintiff's Motion to Compel and for Sanctions (Dkt. No. 57)

2.     Defendant's Cross-Motion for Sanctions and Opposition to Motion to Compel (Dkt. No. 61)

3.     Plaintiff's Response/Reply (Dkt. No. 65)

4.     Defendant's Reply (Dkt. No. 67)

and all exhibits and declarations attached thereto, makes the following ruling:

     IT IS ORDERED that Plaintiff's Motion to Compel is DENIED.

     IT IS FURTHER ORDERED that Defendant's Motion for Sanctions is GRANTED.

Defendant is ordered to submit a declaration concerning attorneys' fees and costs associated with

responding to Plaintiff's Motion to Compel.

**Background**

     Plaintiff worked as a Visitor Security Officer ("VSO") at Defendant Seattle Art Museum ("the

Museum") for approximately 6 weeks in 2006.  Following his termination from that position, Plaintiff

instituted this lawsuit, alleging racial discrimination, disparate treatment, harassment, breach of

contract, hostile work environment and retaliation.  Dkt. No. 1.

1    On June 9, 2007, Plaintiff served his First Set of Interrogatories and Requests for Productions

2    ("RFPs") on Defendant.  Decl. of Gaviria, Exh. B.  Of the 23 items contained in the discovery request,

3    13 of them requested information of every conceivable sort (personal data [including Social Security

4    numbers], hire dates, raises, promotions, absences, tardies, computer access, performance reviews,

5    etc.) for every employee who had worked at the Museum in the preceding 6 years.  Despite the fact

6    that Plaintiff has no claims regarding promotions or pay, he requested information regarding salaries,

7    promotions, transfers and terminations (again, for every Museum employee in the last 6 years).  He

8    also requested, in two of the items, evidence of IRS violations or IRS complaints against the Museum.

9    Interrog. & RFPs #5 and #7, Exh. B.

10    Defendant responded to the First Set of Interrogatories and Requests for Productions on July

11    12, 2007.[1]  On July 27, 2007, a discovery phone conference occurred.  Plaintiff was offered, during

12    the CR 37 conference, an opportunity to narrow his requests to the class of employees (VSOs) into

13    which he was hired, and to narrow the time frame of his requests to his period of employment.  He

14    refused.  According to defense counsel, he did admit during that phone conversation that some of his

15    discovery requests were "duplicative or unclear."  Decl. of Gaviria, ¶¶ 8-9.

16    Plaintiff's Second Set of Interrogatories and RFPs featured fewer items, and was more

17    narrowly tailored to his complaint.  Nevertheless (in RFP #1), he continued to request attendance,

18    hiring and pay records for other Museum employees despite the absence of any hiring, pay or

19    promotion claims.  Defendant refused to provide the information he requested in that regard, but

20    responded to the remainder of his requests (one of which was duplicative of an earlier request from his

21    First Set).  Exhibit to Pltf. Motion, pp. 715 - 720.  A second CR 37 phone conference occurred

22    following Plaintiff's submission of his Second Set of materials. Decl. of Gaviria, ¶ 11.

23    _____

24    [1]  Plaintiff filed 13 pages of  "Objections" to Defendant's Responses to his First Set of discovery requests.
Among other things, he indicated that he "accepts" Defendant's responses to two of his discovery inquiries (#12 and

25    #15).  Plaintiff did not include this document in his filings; Defendant did. (Decl. of Gaviria, Exh. E.)

26    **ORD ON MTNS TO COMPEL &**
**FOR SANCTIONS - 2**

1    On October 26, 2007, Plaintiff filed the Motion to Compel and for Sanctions which is before

2    the Court.  On November 19, Defendant filed the Cross-Motion for Sanctions and Opposition re:

3    Plaintiff's Motion which is also the subject of this order.

4    **Discussion**

5    Plaintiff's discovery requests and motion to compel Defendant to respond are defective and

6    improper on a number of grounds.  Because the Court finds Plaintiff's pleadings so egregious that

7    sanctions are being awarded, the deficiencies will be analyzed point by point.

8    <u>Failure to Identify the Nature of Plaintiff's Objections</u>

9    Despite the fact that Plaintiff filed a motion which was three pages longer than the limits

10   prescribed by Local Rule 7(e), his objections to Defendant's responses are stated only in the most

11   general and conclusory terms.  Nowhere does he identify the specific responses which he believes to

12   be deficient, his grounds for objecting, or the statutory or case law which supports his position.  There

13   is basically nothing in his motion for the Court to rule upon.

14   <u>Vague or Incomprehensible Discovery Requests</u>

15   Portions of many of Plaintiff's requests are vague and/or incomprehensible; examples include:

16   • Interrog. & RFP #3: requests "*health information*" for "each and every person who
     worked and employed in Seattle Art Museum in the past six years."

17   • Interrog. & RFP #5: requests names and contact information for anyone who has filed
     "complaints of employment discrimination and/or Federal IRS violations against Seattle

18   Art Museum and its *entities and associates*..."

     • Interrog. & RFP #6: requests names and contact information for anyone who has filed

19   lawsuits of employment discrimination or wrongful termination "against Seattle Art
     Museum and/or *labor union, and its entities and associates*..."

20   • Interrog & RFP #14: requests names and contact information for "each and every
     person who worked and employed in Seattle Art Museum in the past six years" who

21   received "*fringe benefits*" (and the "*fringe benefit details*").

22   Decl. of Gaviria, Exh. B. (emphasis supplied)

23

24

25

26   **ORD ON MTNS TO COMPEL &**
     **FOR SANCTIONS - 3**

1    There is no definition or explanation of what these terms mean.  Even if Plaintiff's requests

2    were not deficient in other respects, Defendant could not be expected to respond to such ambiguous

3    and confusing interrogatories.

4    Requests for Irrelevant Information

5    The rules of federal civil procedure permit a party to obtain discovery on any non-privileged

6    matter that is "relevant to the claim or defense of any party," while permitting the Court to constrain

7    even relevant discovery if it is either redundant or unduly burdensome. Discovery may properly be had

8    of relevant information or information which is reasonably calculated to lead to the discovery of

9    admissible evidence.  FRCP 26(b)(1) and (2).   "Relevant" evidence is that which has "any tendency to

10   make the existence of any fact that is of consequence to the determination of the action more probable

11   or less probable than it would be without the evidence."  Federal Rules of Evidence 401.

12   Plaintiff's discovery demands are riddled with requests for information that have nothing to do

13   with the legal claims which he has filed.  As mentioned above, 13 of the 23 requests in his First Set of

14   materials require Defendant to produce information for every Museum employee in the past six years.

15   Not only has he demonstrated no need for information concerning every Museum employee for the

16   last six years, but the nature of the information (payroll records, W-2 forms, performance evaluations,

17   hiring and promotion records, etc.) is completely unrelated to any legitimate legal theory for his causes

18   of action.  Simply put, nothing in his complaint suggests the need for such a vast and sweeping

19   request; it is so burdensome as to suggest that its sole purpose is harassment.[2]

20   Similarly burdensome and irrelevant are Plaintiff's requests for pay and promotion information.

21   His lawsuit contains no claims regarding discrimination based on wages or promotions; requests for

22

23   [2] Plaintiff attempts, in his responsive pleadings, to backpedal from the overbroad nature of his demands.
"Plaintiff admits the request for six years is overly broad, costly, and possibly burdensome; however this request should
be limited to each individual hired as visitor security officer..." Pltf. Reply, p. 4.  This is too little, too late.  Plaintiff not
24   only failed to amend his interrogatories to reflect this awareness of the burdensome nature of his request, but he nowhere
denies that, when offered the opportunity by defense counsel to do so during the course of the CR 37 conference, he
25   refused.

26   ORD ON MTNS TO COMPEL &
FOR SANCTIONS - 4

1  Defendant to produce information in these areas are <u>per se</u> irrelevant and Defendant is not required to

2  respond in any fashion other than refusal.

3       Overbroad discovery requests are uniformly denied.  <u>Amcast Industries Corp. v. Detrex Corp.</u>,

4  138 F.R.D. 115, 120 (N.D. Ind. 1991).  Where the requests involve information which bears no

5  relationship to the subject matter of the complaint, courts appropriately deny enforcement (<u>Id.</u>; <u>In Re</u>

6  <u>One Bancorp Securities Litigation</u>, 134 F.R.D.4, 11-12 (D.Me. 1991); enforcement is similarly denied

7  where the requests have not been limited to the relevant time period.  <u>See</u> <u>Motton v. Owens</u>, 128

8  F.R.D. 72, 73 (M.D. Pa. 1989).

9       Additionally, two of the Interrogatories and RFPs in his First Set of materials (#5 and #7)

10  demand information concerning claims of violations of IRS laws.  Plaintiff makes no attempt during

11  the course of his motion to compel or responsive briefing to explain what relevance tax law violations

12  might have to his claims for relief.  The Court can conceive of none.

13       Even in those portions of Plaintiff's interrogatories and RFPs where he confines his requests

14  to specific individuals, Plaintiff overreaches.  His need for information concerning employees  similarly

15  situated to himself (the VSOs) is understandably grounded in his claim that, as a security officer, he

16  was the object of discrimination and disparate treatment.  However, Plaintiff also names Museum

17  employees who function in such dissimilar roles as Facility Operations Supervisor, Senior Security

18  Supervisor, Event Supervisor and Human Resources Director, and demands information concerning

19  their work hours, pay and performance evaluations.  Decl. of Ortega, ¶ 2.   Absent some other

20  justification (of which Plaintiff offers none), a party complaining of job discrimination is only entitled

21  to discovery concerning comparably situated employees.  <u>Robbins</u>, 105 F.R.D. at 62; <u>see also</u> <u>Curry v.</u>

22  <u>Morgan Stanley & Co.</u>, 193 F.R.D. 168, 174 (S.D.N.Y. 2000).

23

24

25

26  **ORD ON MTNS TO COMPEL &**
    **FOR SANCTIONS - 5**

1    Requests for Confidential Information

2          Plaintiff requested the last four digits of the Social Security numbers of all Museum employees

3    for the last 6 years (Interrog. and RFP #3), and later requested the complete Social Security numbers

4    and driver's license numbers for several named former Museum employees.  Decl. of Gaviria, Exh's H

5    and I.  The Washington Supreme Court has already recognized that employees have a privacy interest

6    in the personal information regarding them which is retained by their employers.  Dawson v. Daly, 120

7    Wn.2d 782, 799-800 (1993).  Washington case law extends that right further to encompass

8    information that an employee would not ordinarily share with strangers.  Richland Sch. Dist. v.

9    Mabton Sch. Dist., 111 Wn.App. 377, 392 (2002).

10         These persons are not parties to this lawsuit.  The information Plaintiff has requested impinges

11   on these persons' privacy rights and, absent some compelling justification for their production,

12   Plaintiff will not be permitted access to them.  The Court understands that Plaintiff wishes to depose

13   these individuals and has sought information regarding their whereabouts from Defendant, their former

14   employer.  It is likewise clear that the information provided by the Museum is no longer current; i.e.,

15   that the individuals in question are no longer at those addresses.  The Court does not share Plaintiff's

16   belief that the Museum "wilfully and maliciously provided false inflamed defamatory residential

17   addresses of these individuals."  Pltf. Reply, p. 5.  Even setting aside Plaintiff's failure to demonstrate

18   how the confidential information he requests will aid him in his search for these non-parties, the Court

19   sees no justification for requiring Defendant to reveal privileged and confidential information to

20   Plaintiff.

21   Sanctions

22         FRCP 37(a)(4)(B) states that "[i]f the motion [to compel] is denied, the court may. . . require

23   the moving party. . . to pay to the party. . . who opposed the motion the reasonable expenses incurred

24   in opposing the motion, including attorney's fees. . ."   This Court will deny Plaintiff's motion to

25

26   **ORD ON MTNS TO COMPEL &**
     **FOR SANCTIONS - 6**

1  compel, and finds it entirely just and appropriate that Plaintiff bear the costs incurred by Defendant in

2  responding to this motion, including attorneys fees.  Plaintiff, who has instituted over a dozen lawsuits

3  in this district, is or should be well aware by now of the rules and ethical obligations which govern the

4  prosecution of civil actions; future failures to adhere to those requirements will result in further

5  sanctions.

6  　　　Defense counsel will submit, within 10 judicial days of the filing of this order, a declaration

7  concerning the fees and costs associated with their response to this motion.

8  **Conclusion**

9  　　　The overbreadth and irrelevance of Plaintiff's discovery requests, combined with his inability

10  to justify his need for the information under the rules of discovery, lead this Court to the conclusion

11  that he is simply seeking to harass and overburden the opposing party.  His motion to compel,

12  composed only of the most general and unsupported allegations that Defendant is being unresponsive,

13  evasive or dishonest, can only be described as "frivolous."

14  　　　The motion to compel is denied.  Defendant's motion for sanctions pursuant to FRCP

15  37(a)(4)(B) is granted, and defense counsel shall submit an affidavit concerning their fees and costs in

16  the manner and at the time specified above.

17

18  　　　The clerk is directed to provide copies of this order to all counsel of record.

19  　　　Dated:  December _21__, 2007

20

21  　　　　　　　　　　　　　　　　Marsha J. Pechman

22  　　　　　　　　　　　　　　　　U.S. District Judge

23

24

25

26  **ORD ON MTNS TO COMPEL &**
**FOR SANCTIONS - 7**