UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN,

        Plaintiff(s),

  v.

SEATTLE ART MUSEUM,

        Defendant(s).

NO. C07-58MJP

ORDER DENYING MOTION FOR RECONSIDERATION

The above-entitled Court, having received and reviewed Plaintiff's Motion for Reconsideration (Dkt. No. 78) and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

**Discussion**

Local Rule 7(h) provides that

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff objects to the Court's ruling denying his motion to compel and awarding attorney's fees and costs to Defendant based on a finding that Plaintiff's motion was frivolous and not brought in good faith. Dkt. No. 73. Plaintiff's motion for reconsideration neither demonstrates manifest error on the Court's part nor brings forth new facts or law which Plaintiff could not have brought to the Court's attention earlier.

Part of the basis of the Court's original finding was the grossly overbroad nature of Plaintiff's discovery requests. Defendant's response to the motion to compel contained a declaration by defense counsel in which he recounted that, during a discovery phone conference with Plaintiff in July 2007,

**ORD ON MTN FOR RECONSIDERATION - 1**

Plaintiff was offered an opportunity to narrow his requests and refused. Decl. of Gaviria, ¶¶ 8-9. Plaintiff now alleges in his motion for reconsideration that he did not refuse, but instead

> <u>did</u> explicitly indicate to defendant via phone to narrow the requests of employment period from 2006 to 2007 and request production requests that pertains to only the similarly situated employees named in the complaint hired as visitor security officer <u>not all</u> dissimilar employees employed by defendant.

Pltf Mtn, p. 3 (emphasis in original). This is not convincing. Plaintiff had an opportunity in his reply brief to deny this assertion and did not do so (as the Court noted in a footnote to the order at issue here; Dkt. No. 73, p. 4, fn. 2).[1]

Plaintiff pleads his status as a pro se litigant as a mitigating circumstance for the abusive nature of his discovery requests. Again, this fails to convince. Plaintiff has filed no fewer than 15 lawsuits in this district alone, and (as this Court has cautioned on more than one occasion) will be held to the minimal ethical and professional standards expected of every other litigator who appears in federal court.

Plaintiff cites, as ground for reconsideration, several interrogatories or requests for production to which he claims Defendant responded partially or not at all. Pltf. Mtn for Reconsideration, p. 4. As the Court noted in its order, "[n]owhere [in his motion to compel] does [Plaintiff] identify the specific responses which he believes to be deficient, his grounds for objecting, or the statutory or case law which supports his position. There is basically nothing in his motion for the Court to rule upon." Order, Dkt. No. 73, p. 3. A motion for reconsideration is not the time to correct this deficiency. Plaintiff provides no reason why he was unable to cite to these objections in his original motion to compel.

---

[1] Additionally, Plaintiff now claims that he indicated his willingness to revise his overbroad discovery requests in an e-mail to defense counsel which he identifies as located at "exhibit 653-654." Pltf. Mtn for Reconsideration, p. 6. The Court has reviewed the e-mail; it does not indicate that Plaintiff was willing to narrow his overbroad requests.

**ORD ON MTN FOR RECONSIDERATION - 2**

Plaintiff requests reconsideration of the Court's order based on his claim that it is "financially burdensome" and his allegation that he is unable to pay Defendant's fees and costs in having to respond to this motion. Pltf. Mtn for Reconsideration, p. 8. He cites no statutory or legal authority for his premise that an inability to pay permits him to file frivolous motions without consequence.

Finally, the Court also declines to adopt Plaintiff's suggestion that the assessed attorney's fees and costs be deducted "from any settlement amount from any settlement agreements to the resolution of this case or from any monetary economical judgment awarded to plaintiff by jury and determined at trial court." Id. at p. 9. The resolution of this litigation one way or the other is an entirely separate matter from the award of fees and costs to Defendant for having to respond to Plaintiff's ill-taken motion.

**Conclusion**

Plaintiff has not demonstrated manifest error on the part of the Court in denying his motion to compel or awarding the prevailing party fees and costs in accordance with the federal rules of civil procedure. Plaintiff has not demonstrated the existence of new facts or law which he could not have brought forward at the time of his original motion.

The motion for reconsideration is DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January __15_, 2007

Marsha J. Pechman
U.S. District Judge

ORD ON MTN FOR
RECONSIDERATION - 3