UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN,

        Plaintiff(s),

  v.

SEATTLE ART MUSEUM,

        Defendant(s).

NO. C07-58MJP

ORDER ON SANCTIONS

The above-entitled Court, having received and reviewed:

1. Declaration of Boris Gaviria in Support of Order Granting Attorneys' Fees and Costs (Dkt. No. 81)

2. Plaintiff's Motion to Strike the Declaration of Boris Gaviria in Support of Order Granting Attorneys' Fees and Costs under FRCP 12(f)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that, in accordance with the Court's order of December 21, 2007 (Dkt. No. 73), Plaintiff will pay sanctions to Defendant in the amount of $4,934.02, which represents the cost to Defendant of opposing Plaintiff's motion to compel.

IT IS FURTHER ORDERED that Plaintiff must submit this amount to Defendant in full by no later than 60 days from the date of this order. Failure to pay the sanctions as ordered by this date will subject Plaintiff to further sanctions, up to and including dismissal of this lawsuit.

**Discussion**

It was the finding of this Court that Plaintiff's discovery requests were improper, burdensome and costly, and that his attempt to enforce those requests through the mechanisms of federal court was frivolous and harassing. As they were entitled to do, the responding (and prevailing) party requested

**ORDER ON SANCTIONS - 1**

1  the imposition of sanctions in the form of their attorneys' fees and costs incurred in responding to
2  Plaintiff's motion. FRCP 37(a)(4)(B).

3      Plaintiff is reminded that the manner in which he conducts his litigation has impacts on the
4  parties he has haled into court, impacts in the form of the costs of time and services for the legal
5  professionals who represent them. Plaintiff is the veteran of numerous lawsuits (15 at last count) and
6  will be held to the standards of ethics and professionalism expected of everyone who practices before
7  this Court; his failure to adhere to those standards has consequences.

8      Although he makes no mention of it in his responsive "motion to strike," Plaintiff has
9  elsewhere plead the financial burden of this sanctions award, alleging that he is unable to pay the
10 requested fees and costs. Pltf Mtn for Reconsideration, Dkt. No. 78, p. 8. This is not a convincing
11 representation. Since October of 2006, Plaintiff has paid the filing fees for seven lawsuits. The Court
12 is aware that Plaintiff is currently employed because one of the grounds of Defendant's pending
13 motion to compel (Dkt. No. 68) is Plaintiff's refusal to divulge the nature of that employment and the
14 name and location of his employer. Plaintiff is not without means and, having found the financial
15 wherewithal to initiate this litigation, is not in a position to plead financial burden now that he has
16 incurred further costs as a result of his litigation tactics.

17     In his "Motion to Strike" the declaration of Defendant's attorney Mr. Gaviria regarding his
18 client's fees and costs, Plaintiff makes a number of objections and also requests that the declaration be
19 stricken in its entirety for violation of FRCP 12(f). Although Plaintiff fails to establish in what manner
20 defense counsel's declaration is "redundant, immaterial, impertinent, or scandalous " (per FRCP
21 12(f)), the Court will address Plaintiff's objections.

22     His claim that the declaration was not timely filed is mistaken. Defendant was requested to
23 submit its fees and costs within 10 <u>judicial</u> days of the Court's order of December 21, 2007. When the
24 fact that the U.S. Courthouse was closed on December 24, 25 and 31 and January 1 is taken into

**ORDER ON
SANCTIONS - 2**

account, the deadline for filing the declaration of fees and costs was January 8, 2008, which is the day counsel's declaration was filed.

Plaintiff further objects to the inclusion in Mr. Gaviria's declaration of a representation concerning the time expended (one half-hour) by another member of his firm, Mark Berry.  Plaintiff apparently objects to the fact that Mr. Berry has not personally appeared in this litigation, and that he did not sign the declaration.  The fact is that Mr. Gaviria has appeared in this lawsuit as a representative of the law firm of Davis Wright Tremaine and it is not a requirement of the local or federal rules of practice that every attorney in a law firm make a personal appearance on the record if his or her firm has already appeared.  Nor has Plaintiff established any cause why the Court should question Mr. Gaviria's representation regarding the (de minimis) work performed by another member of his firm on the responsive pleadings in question.  Plaintiff's objections are denied, and the declaration of Defendant's counsel will be admitted and considered in its entirety.

**Conclusion**

Plaintiff will be assessed a sanction of $4,934.02, representing the attorneys' fees and costs expended by Defendant, payable to Defendant through its counsel.  Plaintiff must pay this assessment in full within 60 calendar days of the filing of this order (should the payment deadline fall on a Saturday or Sunday, the deadline will be the following Monday).  Failure to pay the sanction award by the deadline will result in further sanctions, up to and including dismissal of this lawsuit.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January _30__, 2008

Marsha J. Pechman
U.S. District Judge

**ORDER ON SANCTIONS** - 3