UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN,

        Plaintiff(s),

  v.

SEATTLE ART MUSEUM,

        Defendant(s).

NO. C07-58MJP

ORDER ON DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

The above-entitled Court, having received and reviewed:

1. Defendant's Motion to Compel and for Sanctions (Dkt. No. 68)

2. Plaintiff's Brief in Opposition, Cross Motion for Sanctions and Protection Order (Dkt. No. 74)

3. Defendant's Reply in Support of Motion to Compel and for Sanctions (Dkt. No. 77)

4. Plaintiff's Surreply to Defendant's Reply in Support of Motion to Compel and for Sanctions (Dkt. No. 79)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that Defendant's motion to compel is GRANTED IN PART and DENIED IN PART. Plaintiff has five judicial days from the entry of this order to provide Defendant with the discovery to the extent authorized by the Court in the opinion which follows. Failure to provide discovery in the time allotted will result in sanctions, up to and including dismissal of this action.

IT IS FURTHER ORDERED that Defendant's motion for sanctions is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall immediately cease directly contacting the employees of Defendant Seattle Art Museum for any purpose related to this or any other lawsuit he is prosecuting against the organization. Plaintiff shall have no contact with Defendant's employees for litigation purposes except through its counsel.

**ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 1**

1  IT IS FURTHER ORDERED that Plaintiff's cross-motion for sanctions is DENIED.

2  IT IS FURTHER ORDERED that Plaintiff's motion for a protective order is DENIED without

3 prejudice to Plaintiff's properly noting and pleading a request for protective order.

4 **Background**

5  Plaintiff worked as a Visitor Security Officer ("VSO") at Defendant Seattle Art Museum

6 ("SAM" or "the Museum") for approximately 6 weeks in 2006.  Following his termination from that

7 position, Plaintiff instituted this lawsuit, alleging racial discrimination, disparate treatment, harassment,

8 breach of contract, hostile work environment and retaliation.  Dkt. No. 1.

9  Defendant served written discovery requests on Plaintiff on July 27, 2007, to which Plaintiff

10 responded on August 27, 2007.  Declaration of Gaviria, Exh. B.  Plaintiff objected to every

11 interrogatory and request for production propounded by the Museum, claiming (among other things)

12 that every discovery request made by Defendant (including requests for his address, his employer, his

13 health care providers and the elements of his damages claims) was irrelevant and made for the

14 purposes of harassment and unnecessary delay.  Decl. of Gaviria, Exh. C.  Plaintiff's responses, almost

15 without exception, consist of boilerplate objections without explanation, example or citation to

16 authority.

17  By an order of this Court dated October 10, 2007, Plaintiff was denied his request to serve

18 additional interrogatories on Defendant.  Dkt. No. 50.  Plaintiff has since contacted defense counsel

19 and Museum staff with additional questions related to discovery.  Decl's of Gaviria and Ortega, and

20 accompanying exhibits.

21 **Discussion**

22  This order will address (1) Defendant's discovery requests and Plaintiff's responses; (2)

23 miscellaneous matters relating to Plaintiff's contact with Museum staff, his motion to strike various of

24

25

26 **ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 2**

1  Defendant's declarations, his surreply to Defendant's reply brief and his "motion" for a protective
2  order; and (3) the cross-motions for sanctions.

Discovery requests and response (Defendant's motion to compel)

This portion of the order will address Defendant's interrogatories and requests for production individually.  Since Plaintiff has objected to every discovery request, the analysis below will indicate the nature of the request and the Court's ruling on Defendant's motion that Plaintiff be compelled to respond.

*Request for Production (RFP) No. 1: All documents in Plaintiff's possession relating to his claims in this lawsuit.*  Plaintiff is not required to produce any documents which have already been made part of the court record, however he must produce any documents relating to his claims which are in his possession but have not yet been made part of the court record.  If he does not have any other documents, then he has nothing to produce; if he has any such documents and fails to produce them, he will be barred from utilizing such documents at any other point in this litigation.  Ruling: **Granted.**

*Interrogatory No. 1: Any other names or pseudonyms which have been used by Plaintiff and their times and places of use.*  Given Plaintiff's string of 15 lawsuits in this court (including two against the Museum), Defendant is entitled to develop a possible defense of vexatious litigation. Defendant is permitted to request this information for the purposes of investigating whether Plaintiff has filed lawsuits under any other names, and also to develop information on Plaintiff's character for truthfulness.  Ruling: **Granted.**

*Interrogatory No. 2: Plaintiff's addresses for the last six years, and dates of residence.* Defendant cites a Florida District Court case for the proposition that discovery of this sort is "considered routine information in almost all civil discovery matters."  Gober v. City of Leesburg, 197

**ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 3**

1  F.R.D. 519, 521, fn. 2 (M.D. Fla. 2000). This is not binding precedent on this Court. Beyond this

2  citation, Defendant has failed to offer argument on the possible relevance of Plaintiff's prior addresses.

3  Plaintiff's current address, however, is routinely discoverable information and Plaintiff will be ordered

4  to divulge it. It was Plaintiff's choice to initiate this litigation, and with that choice comes the

5  surrender of a certain degree of anonymity and privacy enjoyed by non-litigating citizens. Ruling:

6  **Denied in part, granted in part** (Plaintiff's current address).

7  *Interrogatory No. 3: The extent of Plaintiff's education, including school names and*

8  *locations, years of attendance and degrees or certificates obtained.* Plaintiff's objection that this

9  information was already provided in the resume he submitted as part of his job application process is

10  not well-taken. Defendant is entitled to test the consistency and truthfulness of Plaintiff's prior

11  representations. Ruling: **Granted.**

12  *RFP No. 2: All high school, college or postgraduate transcripts.* To the extent that this

13  request concerns a record of the classes Plaintiff attended and the grades he received, the Court fails to

14  see the possible relevancy. However, to the extent that this addresses a request for documentary proof

15  of the level of education or any professional licensing or certification that Plaintiff has attained, it is

16  entirely relevant to test the truthfulness of Plaintiff's representations regarding his education and any

17  professional degrees or licenses he claims to have obtained. He will be ordered to produce any proof

18  of educational degrees or professional certification or licensing in his possession. Ruling: **Granted**

19  (re: proof of degrees or certification).

20  *Interrogatory No. 4: Branch of the armed forces and dates of service for any military service.*

21  Again, Defendant is entitled to explore this routine area of civil discovery to develop the issue of

22  Plaintiff's truthfulness as it relates to representations which he made on his job application. Ruling:

23  **Granted.**

24

25

26  **ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 4**

*Interrogatory No. 5: Criminal investigations, arrests or convictions (nature of offense, prosecuting authority, disposition of charge).* Plaintiff claims in his response that this information is "determined prior to or at time of hire," which the Court interprets to mean that he claims to have provided this information at the time of his application for employment. Again, Defendant is entitled to test the consistency and truthfulness of Plaintiff's prior representations, and to know if Plaintiff has accumulated any additional criminal history (relevant on the issue of truthfulness) in the period following his termination. Ruling: **Granted.**

*Interrogatory No. 6/RFP No. 3: Prior claims for disability or unemployment benefits (including worker's compensation); dates and places of claims, claim numbers and whether any claim is still open.* Plaintiff's response that he has not filed for "unemployment or disability claims at any time" is an adequate partial response. Plaintiff is directed to respond to the interrogatory concerning worker's compensation claims by either indicating that he has never applied for such benefits or providing the requested evidence concerning any worker's compensation claims he has filed. Ruling: **Granted** (re: worker's compensation claims).

*Interrogatory No. 7/RFP No. 4: All other legal actions, whether as Plaintiff or Defendant (dates, courts, parties involved and final result including amounts of settlements, appeals filed); copies of complaints, judgments and awards.* As discussed above, Defendant is entitled to develop the defense of vexatious litigation, and is entitled to the information concerning all other lawsuits (state and federal) filed by Plaintiff, including the names of the cases, where they were filed, the parties involved, and the disposition of each case (the issue of settlement amounts and agreements will be discussed below). Ruling: **Granted.**

*RFP No. 5: Request that copies of all settlement agreements and releases related to any of Plaintiff's prior or pending legal actions be produced for inspection and copying.* Plaintiff objects to this request on the grounds that "[a]ll settlement agreements and amounts between Plaintiffs in other

**ORDER ON DEF MOTION TO COMPEL & FOR SANCTIONS - 5**

lawsuits are strictly confidential subject to non-disclosure agreed to by both parties." Plaintiff provides no evidence of any non-disclosure agreements. In any event, objections to disclosing settlement agreements on the grounds of confidentiality may not be used to "obscure issues or otherwise thwart an opponent's discovery." Smith v. TIB Bank of the Keys, 687 So.2d 895,896 (Fla.App. 1997). The contents of Plaintiff's prior settlement agreements are relevant on the issue of Plaintiff's motivation for filing this lawsuit and on the issue of a possible vexatious litigation defense and Plaintiff will be ordered to produce them for purposes of inspection and copying. If he wishes to limit Defendant's use of the documents pursuant to a proper protective order, he is free to so move.

Ruling: **Granted.**

*Interrogatory No. 8*: *Involvement in any "anti-harassment proceedings," including date and court, parties involved and final results.*

This request is both vague (there is no statutory citation defining what constitutes an "anti-harassment proceeding") and duplicative. To the extent that this interrogatory concerns conduct covered under RCW 9A.46.010 *et seq.*, the subject proceedings are obviously legal actions covered by Interrogatory No. 7 and Plaintiff is already obliged to disclose the information under the Court's ruling above. Ruling: **Denied.**

*Interrogatory No. 9/RFP No. 6: Any claims filed with the Equal Employment Opportunity Commission ("EEOC") or the Washington State Human Rights Commission, including dates, claim numbers and whether the claim is still open.* Plaintiff's objection refers Defendant to the EEOC complaint which he filed prior to instituting this lawsuit, a copy of which has been made a part of the court record. The interrogatory requests information regarding any EEOC or Human Rights Commission claims, not only in reference to this litigation but at any time. Given the nature of Plaintiff's claims in this matter (racially-discriminatory termination), Defendant is entitled to explore whether Plaintiff has a pattern of making racially-related claims of mistreatment in other settings. If

**ORDER ON DEF MOTION TO COMPEL & FOR SANCTIONS  - 6**

1  Plaintiff has filed no other EEOC or Human Rights Commission claims, he should say so.  If he has

2  filed such claims, he must provide the requested information and produce any documents related to

3  those claims for inspection and copying.  Ruling: **Granted.**

4    *Interrogatory No. 10/RFP No. 7: Meetings or communications with anyone regarding the*

5  *facts alleged in Plaintiff's complaint; names of such persons (or persons with knowledge of the*

6  *communication) and the substance, purpose or outcome; copies of all documents evidencing such*

7  *communications.*  Plaintiff's response to this is his standard "Plaintiff suggests defendant refer to the

8  exhibits filed in court and in the conclusion of this case."  If Plaintiff means to imply that all

9  information relevant to this request is already on file in the court record, he is cautioned that he will be

10  held to this representation.  If there are any individuals with whom Plaintiff has communicated

11  regarding the facts of this case and their names, the subject of the communication and any documents

12  reflecting such communication are not on file in the court record, Plaintiff will be barred from

13  introducing such documents as evidence or using such persons as witnesses unless he provides

14  Defendant with this information.  If there are no further names or communications to divulge, Plaintiff

15  should state so clearly.  Ruling: **Granted**.

16    *Interrogatory No. 11: All persons Plaintiff believes have knowledge of facts which support*

17  *Plaintiff's claims and nature of the facts of which they are aware.*  Plaintiff's response to this

18  interrogatory is the same as his response to Interrogatory No. 10.  The Court's response is identical as

19  well.  Ruling: **Granted.**

20    *Interrogatory No. 12: Names of employees and former employees of SAM with whom Plaintiff*

21  *has communicated regarding this lawsuit, and the content of those communications.*  Plaintiff

22  responds by advising Defendant "to review all exhibits filed with the courts in the conclusion of this

23  case."  In addition to again cautioning Plaintiff that any undisclosed communications with any former

24  SAM employees will not be admissible if he has not divulged them pursuant to this request, the Court

25

26  **ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 7**

has a further caution to Plaintiff regarding contact with present employees of Defendant. Defendant has alleged, and Plaintiff has not denied, that Plaintiff has contacted SAM employees directly (through e-mail) with questions which concern both this litigation and another pending lawsuit (C07-1735MJP) Plaintiff has filed against the Museum. Plaintiff is to have no direct contact concerning any pending litigation with any person currently working for Defendant except through their attorneys. Violation of this order will be treated as contempt of court and will subject Plaintiff to disciplinary sanctions.

Ruling: **Granted.**

*RFP No. 9: All business and personal diaries, journals, notes, calendars, schedules, daytimers, daily logs, and similar documents maintained during Plaintiff's employment with SAM up to the present.* Plaintiff again advises Defendant to "review all exhibits filed with the courts." If Plaintiff is saying that he has no other diaries, journals, notes, calendars, schedules, etc. which were maintained during his employment with SAM up until the present, he should state so clearly. If there are any such documents in existence, Plaintiff is ordered to produce them for inspection and copying.

Ruling: **Granted.**

*Interrogatory No. 13/RFP No. 10: Names, dates of employment, location, job titles, names of immediate supervisors for all employers for whom Plaintiff has worked (including reasons for leaving employment), plus copies of all employment records in Plaintiff's possession.* Plaintiff's response to this request refers Defendant to his "employment resume with SAM," which the Court assumes is a reference to his application for employment where the listing of prior jobs is a standard feature. As with several of the prior discovery items, Defendant is entitled to test both Plaintiff's consistency and his truthfulness, and on that ground Plaintiff is ordered to answer the interrogatory. It may well be that Plaintiff has few or no documents relevant to this request (such as personnel files, performance evaluations, etc.) in his possession. If he does not, he should state so clearly and desist in hiding behind an legally-unsupported screen of "confidentiality."

**ORDER ON DEF MOTION TO COMPEL & FOR SANCTIONS - 8**

1    However, the Court finds the lack of any time frame on this interrogatory to be overbroad,
2    and will direct Plaintiff to confine his response to the five years prior to his employment with
3    Defendant. Plaintiff's second objection to this request, that it calls for "hearsay," is meritless and is
4    overruled. <u>Ruling</u>: **Partially granted, partially denied.**

5    *Interrogatory No. 14/RFP No. 11: The name of Plaintiff's current employer (if any), address,*
6    *and documents containing his current job description.* Plaintiff objects that his current employment is
7    "confidential and private" and irrelevant to this lawsuit. He is incorrect. Plaintiff's current job,
8    including the nature of his duties and his salary, is relevant on the issue of the extent of Plaintiff's
9    damages following his termination from Defendant's employment. As has been pointed out
10   previously, Plaintiff chose to start this lawsuit and in so doing has subjected himself to a level of
11   scrutiny and disclosure to which non-litigating citizens are largely immune. As has been observed
12   elsewhere:

> The potential for some discomfort or chagrin is endemic to litigation. . . To empower plaintiffs unilaterally to impose limits on the proper bounds of inquiry into relevant personal matters during pre-trial discovery would be intolerable and unfair to defendants. . . Insofar as these concerns [of discomfort] have any validity in a particular case, they may be addressed by an appropriate confidentiality agreement between the parties.

<u>Handwerker v. AT&T</u>, 211 F.R.D. 203, 209 (S.D.N.Y. 2002). <u>Ruling</u>: **Granted.**

*Interrogatory No. 15/RFP Nos. 12-13: Identify all expert witnesses, stating the subject matter*
*to which each will testify, the substance of the facts and opinions to which they will testify and the*
*grounds for their opinions (including copies of all documents provided to or considered by the*
*experts, and copies of any reports prepared by them).* Plaintiff claims to have no experts at this time,
but says that he intends to seek expert testimony in his behalf. Obviously, Plaintiff cannot provide
what he does not have, but he is cautioned on two grounds: (1) the duty to produce discovery
pursuant to a legitimate request is an ongoing one, and Plaintiff will be expected to produce the
requested expert witness discovery at any time he obtains it prior to the conclusion of this case; and

**ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 9**

(2) there are time limits imposed by the case schedule for the retention of experts and Plaintiff will be expected to observe them.  <u>Ruling</u>: **Granted** (should Plaintiff retain expert witnesses at any point).

*Interrogatory No. 16/RFP No. 14: Describe each element of damages, including the dollar amount, the manner in which the dollar amount was calculated and the basis for that calculation (including all documents that "support, undermine, or otherwise relate" to the damages interrogatory).*  In addition to his usual boilerplate refusals claiming that the request is irrelevant, vague, overbroad, burdensome, etc., Plaintiff further objects to producing this information on the grounds that "the judge will determine appropriate damages" and that he will not disclose his "damages list without proper protection order and/or in mediation."  With one exception noted below, none of Plaintiff's objections have an iota of merit.  Nothing could be more relevant than the damages which Plaintiff claims to have suffered from Defendant's allegedly improper conduct and the means by which those damages have been calculated.  Defendant's request is neither vague or burdensome and Plaintiff enjoys no privileges or legal immunities which protect him from providing this most basic element of discoverable information.

The Court does find one aspect of Defendant's request problematic.  The Court is unaware of, and Defendant cites no authority for, any obligation on a plaintiff's part to provide discovery which "undermines" his or her damages claim.  Defendant is permitted to develop such information through depositions and expert testimony, but absent some legal support for that aspect of the interrogatory, Plaintiff will not be required to produce "undermining" information.  <u>Ruling</u>: **Partially granted, partially denied** (as to "undermining" documents).

*RFP No. 15: State and federal income tax returns, income tax records and copies of W-2 forms, from 2000 to the present.*  Plaintiff's objection that these documents are "irrelevant" is not well-taken; they are relevant on the issue of lost wages and earning capacity concerning any damage claim Plaintiff makes for lost earnings.  Plaintiff further objects, without citation to legal authority, that

this information is "confidential." It is not confidential in this circumstance. Plaintiff has placed the subjects of his earning capacity and his truthfulness at issue in filing this litigation, and he must produce all relevant, discoverable evidence on those issues if so requested. <u>Ruling</u>: **Granted.**

*Interrogatory No. 17/RFP No. 16: Identify all health care providers from whom treatment has been received since 1997, stating the nature of the treatment and dates of treatment (including all medical records in Plaintiff's possession for those health care providers).* Plaintiff again interposes the dual objections of irrelevancy and confidentiality, and they are equally invalid here. Plaintiff has claimed damages relating to emotional distress, and this discovery is fully relevant on the issue of what medical or physical evidence exists to support that claim. In placing his physical condition at issue, Plaintiff has waived any right to confidentiality regarding the names of his health care providers and the records of their treatment. <u>Ruling</u>: **Granted.**

*Interrogatory No. 18/RFP No. 17: Identify all mental health care providers from whom treatment or evaluation has been received since 1997, stating the nature of the treatment and the dates of treatment (including all mental health care provider records in Plaintiff's possession).* The parties are referred to the Court's analysis in the preceding paragraph. <u>Ruling</u>: **Granted.**

*Interrogatory No. 19: All facts which support Plaintiff's claim that Defendant's acts and omission caused him "emotional distress."* Again, Plaintiff's claims of irrelevance and confidentiality are baseless (as are the remainder of his boilerplate objections). Plaintiff will not be permitted to hale defendants into court with allegations of injurious conduct and then refuse to substantiate his claims. <u>Ruling</u>: **Granted.**

*Interrogatory No. 20/RFP No. 18: Concerning Plaintiff's claim for breach of contract, identify the contract that was breached, the specific provision which was breached and all facts supporting that claim (including any documents or "other tangible evidence" which supports that claim).* In addition to his standard list of boilerplate objections, Plaintiff "advises Defendant to review

**ORDER ON DEF MOTION TO COMPEL & FOR SANCTIONS - 11**

all exhibits filed with the courts in the conclusion of this case. The courts granted in favor of plaintiff's disparate treatment, retaliation and breach of contract claims, period." The Court finds this unacceptable and insupportable. Defendant has every right to require Plaintiff to identify both the contract which he alleges was breached, the provision of that contract which was breached and the facts which support the allegation. It is not Defendant's burden to comb through the hundreds of pages of documentation filed by Plaintiff in this matter and speculate as to which of them might be used to corroborate Plaintiff's breach of contract claim.

Furthermore, Plaintiff appears to be under the misapprehension that, because the Court earlier declined to dismiss his breach of contract claim pursuant to Defendant's FRCP 12(b)(6) motion (*see* Order of June 29, 2007; Dkt. No. 24), he is under no further obligation to support or explain that cause of action. He is incorrect. The Court's earlier refusal to dismiss this claim simply meant that the cause of action was sufficiently plead in the complaint to permit it to go forward. All of Plaintiff's claims which survived the motion to dismiss are fully subject to further challenge, both by means of motions for summary judgment and at trial, and Plaintiff is obligated to provide every piece of information or documentation in his possession which he believes is relevant to his right to prevail on his allegations. Ruling: **Granted.**

Plaintiff will be directed to provide responses to Defendant's discovery requests as ordered above. Plaintiff is again advised that the obligation to provide this information is ongoing; that is, if any information comes into his possession at a later date which would responsive to any of the authorized discovery requests, Plaintiff must provide it on his own initiative. Failure to do so will result in any such evidence being excluded and may subject Plaintiff to further sanctions.

**ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS - 12**

Plaintiff's contact with Museum employees

This issue has been addressed above, but the Court considers it sufficiently serious to reiterate it separately. As a pro se litigant who is suing the Defendant in not one, but two, lawsuits in this court, Plaintiff is forbidden to have any form of contact (including e-mails, letters or telephone calls) with any current employee of SAM concerning any issues touching on his litigation except through Defendant's counsel. Failure to abide by this restriction will result in disciplinary sanctions, up to and including dismissal of this or any other lawsuit in which Plaintiff violates this order.

Plaintiff's motion to strike and surreply

In his response to Defendant's motion to compel, Plaintiff moves to strike the declarations of HR Supervisor Ortega and defense counsel Gaviria. Those motions are denied. The Court finds nothing objectionable or inadmissible about the substance of those documents. Plaintiff also filed, without advising the Court or obtaining leave, a surreply to Defendant's reply memorandum. Part of the surreply requests that Defendant's reply be stricken for being overlength and not timely filed. Since neither of those allegations is correct, that portion of the surreply will be denied. The remainder of Plaintiff's surreply contains responsive arguments to Defendant's reply brief. Local Rule 7(g)(2) states clearly that "[t]he surreply. . . shall be strictly limited to addressing the request to strike." Plaintiff's substantive arguments in his surreply brief, therefore, will be stricken.

Plaintiff's motion for a protective order

The final paragraph of Plaintiff's response brief is entitled "Cross Motion for Protection Order." Pltf Response, p. 11-12. It is inadequate as a motion in several regards, including Plaintiff's failure to certify that he "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," as required by FRCP 26(c). The Court will entertain a motion for protective order from Plaintiff if and when he submits such a motion in conformance with the rules.

**ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS - 13**

Cross-motions for sanctions

Under FRCP 37(d), the Court is empowered to assess sanctions against any party which fails to provide answers to legitimately propounded interrogatories or requests for production. There is no question that sanctions are appropriate in the face of Plaintiff's pervasive refusal to provide adequate responses to Defendant's interrogatories. As a veteran of 15 lawsuits in this court alone, Plaintiff is (or should be) well-versed in his obligations to prosecute his cases in accordance with the rules of civil procedure and the ethical requirements of all practitioners before this court. It is hoped that an assessment of attorneys' fees will encourage Plaintiff to conduct his litigation in a legally required and properly cooperative manner. Defendant is ordered to submit a declaration containing an itemized account of their fees and costs in filing this motion within ten judicial days of the filing of this order.[1]

Plaintiff's cross-motion for sanctions is denied.

**Conclusion**

Plaintiff's widespread flaunting of the rules of discovery and civil procedure will not be tolerated. Plaintiff is ordered to provide responses to the Defendant's interrogatories and requests for production as granted in the above opinion. Those responses must be delivered to Defendant within five judicial days of the filing of this order. Failure to provide the required discovery within that time period will result in further sanctions, up to and including dismissal of this lawsuit.

Additionally, Plaintiff is enjoined from contacting any employee of the Defendant concerning any matter involved in this lawsuit or Plaintiff's other lawsuit (C07-1735MJP) against the Museum.

Defendant is awarded sanctions in the form of attorneys' fees and costs for the filing of this motion, and is ordered to submit a declaration itemizing such fees and costs within ten judicial days of the entry of this order.

---

[1] The parties are advised that, as the Court did not grant Defendant complete relief on their motion to compel, the sanctions award will be in the form of a discounted amount of the total of fees and costs for this motion.

**ORDER ON DEF MOTION TO COMPEL & FOR SANCTIONS - 14**

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February __8___, 2008

/s/ Marsha J. Pechman
Marsha J. Pechman
U.S. District Judge

**ORDER ON DEF MOTION TO
COMPEL & FOR SANCTIONS  - 15**