UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN,

        Plaintiff(s),

  v.

SEATTLE ART MUSEUM,

        Defendant(s).

NO. C07-58MJP

ORDER ON PLAINTIFF'S MOTION FOR CIVIL CONTEMPT OF COURT

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion for Civil Contempt of Court (Dkt. No. 87)

2. Defendant's Opposition and Cross-Motion for Sanctions (Dkt. No. 93)

3. Plaintiff's Reply to Defendant's Opposition and Cross-Motion (Dkt. No. 99)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS ORDERED that Plaintiff's motion for civil contempt concerning the deposition of Ms. Ortega is DENIED; the Court will reserve judgment on the remainder of Plaintiff's motion pending submission of a complete transcript of the deposition testimony of Mr. Schooley.

IT IS FURTHER ORDERED that Defendant's cross-motion for sanctions is PARTIALLY GRANTED; Defendant will be awarded $500, payable within 15 days of this order, for having to respond to the portion of Plaintiff's motion concerning Ms. Ortega's deposition.

IT IS FURTHER ORDERED that ruling on Defendant's cross-motion for sanctions regarding the remainder of Plaintiff's motion is DEFERRED until that remaining issue is ruled upon.

**Background**

Plaintiff seeks a finding of contempt against Defendant on two grounds. First, that it failed to produce witness Therese Ortega for deposition at the date and time indicated on the subpoena which

ORD ON PLTF CONTEMPT MTN &
DEF CROSS-MTN FOR SANCTIONS - 1

Plaintiff served on her. Second, that witness Ian Schooley, upon the advice of defense counsel Boris Gaviria, left a deposition scheduled by Plaintiff prior to completion of Plaintiff's questioning.

**Discussion**

Failure to confer (FRCP 37)

Although Plaintiff has filed his motion pursuant to FRCP 45(e) on the grounds that his subpoena was not honored, the subpoena concerned a deposition he wished to conduct. This is, therefore, a discovery motion and must conform to the requirements of FRCP 37(a)(1), which mandates that every discovery motion include a certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action."

Plaintiff has filed no affidavit of any kind indicating that he conferred with defense counsel and attempted to resolve either of these situations without resorting to filing a motion. On that ground alone, his motion is improper and could be denied. Even were the motion accompanied by the proper affidavit, however, at least a portion of that motion would fail on its merits.

Deposition of Therese Ortega

Contrary to Plaintiff's characterization of Ms. Ortega's failure to appear at the January 8, 2008 deposition, defense counsel has provided ample evidence that Plaintiff was contacted a month in advance of the deposition and told that Ms. Ortega had a conflicting medical appointment and would not be able to attend. Defendant e-mailed Plaintiff multiple times (see Decl. of Gaviria, Exh's 1-3) and upon each occasion explained the reason for Ms. Ortega's unavailability and offered alternate dates for rescheduling the deposition. Defense counsel asserts, and Plaintiff does not contradict, that Plaintiff failed to respond to any of these communications.

Instead, on January 7, 2008 (the day before the deposition had been scheduled to occur, at 4:25 p.m.), Plaintiff e-mailed defense counsel and advised him that he was proceeding forward with

1  Ms. Ortega's deposition the next day. <u>Id.</u>, Exh. 4.  Plaintiff's attempt to portray defense counsel's

2  objections to the deposition date as "untimely" is frivolous.  His further objection that defense counsel

3  did not attempt to quash the subpoena borders on offensive – Mr. Gaviria made every attempt to work

4  out this very minor scheduling problem in a civil and professional manner without troubling the Court.

5  Mr. Green would do well to follow his example.

6  FRCP 45(e) permits a judge to cite a party or witness for contempt "who, having been served,

7  fails *without adequate excuse* to obey the subpoena." (emphasis supplied)  Not only did Ms. Ortega

8  have the adequate excuse of a conflicting medical appointment, defense counsel made every

9  reasonable attempt to apprise Plaintiff of the conflict and reschedule the deposition.

10 <u>Deposition of Ian Schooley</u>

11 Plaintiff cites Mr. Schooley's early exit from his scheduled deposition with Plaintiff as grounds

12 for contempt at Page 2 of his motion. Dkt. No. 87.  He makes no further mention of the incident in

13 his moving papers and neglected to provide even a portion of the transcript testimony as supporting

14 evidence for his request.

15 Defendant does provide selected excerpts from Mr. Schooley's deposition (Decl. of Gaviria,

16 Exh. 6), along with examples of Plaintiff's conduct during the examination which Defendant

17 characterizes as irrelevant, harassing and intimidating.  The Court does not feel itself in a position to

18 effectively ascertain whether Plaintiff's behavior justified the premature departure of Mr. Schooley and

19 defense counsel without a review of the entirety of the hour and fifteen minute deposition.

20 Therefore, if Plaintiff wishes the Court to reach a decision regarding this aspect of motion for

21 contempt, he must file with the Court a complete transcript of the deposition testimony of Mr.

22 Schooley.  That transcript shall be filed with the Court within five judicial days unless Plaintiff

23 provides the Court with a reasonable explanation of why he cannot do so.

**ORD ON PLTF CONTEMPT MTN &
DEF CROSS-MTN FOR SANCTIONS - 3**

Defendant's request for sanctions

Defendant has filed a cross-motion for sanctions. The Court intends to grant that request concerning the part of Plaintiff's motion directed at Ms. Ortega's failure to appear for her deposition. FRCP 37(a)(4)(B) permits the court to assess costs and fees against any moving party whose discovery motion is denied, and the Court is denying one part of this motion for contempt. Plaintiff will be assessed $500 as a sanction for forcing Defendant to respond to that portion of his motion concerning Ms. Ortega. That sum shall be remitted to the office of defense counsel no later than 15 days from the date of this order.

However, the Court will postpone an order regarding the remainder of the request for sanctions pending a ruling on the remainder of Plaintiff's motion.

**Conclusion**

Plaintiff's motion for civil contempt concerning the failure of Ms. Ortega to appear at her deposition is DENIED. The Court reserves ruling on the other portion of Plaintiff's motion pending review of the complete transcript of Mr. Schooley's deposition testimony, which Plaintiff is ordered to file with the Court within five judicial days of the entry of this order.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February _27_, 2008

Marsha J. Pechman
U.S. District Judge

**ORD ON PLTF CONTEMPT MTN &
DEF CROSS-MTN FOR SANCTIONS - 4**