UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICCARDO GREEN,

        Plaintiff(s),

  v.

SEATTLE ART MUSEUM,

        Defendant(s).

NO. C07-58MJP

SECOND ORDER ON PLAINTIFF'S MOTION FOR CIVIL CONTEMPT OF COURT

The above-entitled Court, having received and reviewed the complete deposition transcript of Ian Schooley (filed as part of the exhibits to Plaintiff's Motion for Summary Judgment, Dkt. No. 104), makes the following ruling:

IT IS ORDERED that Plaintiff's motion for civil contempt concerning the deposition of Mr. Schooley is DENIED. The Court does not find that defense counsel's actions rise to the level of contempt of court or the legal process; however, the Court does find that defense counsel improperly terminated the deposition prior to its completion.

IT IS FURTHER ORDERED that Defendant will produce Mr. Schooley at the earliest possible <u>mutually agreed upon</u> date and time that the parties can arrange and that Plaintiff will be permitted an additional hour to depose this witness.

IT IS FURTHER ORDERED that Defendant will bear the costs of this supplemental deposition; specifically, the costs (if any) of the facility and for court reporter appearance fee.

**Background**

**ORD ON PLTF CONTEMPT MTN &
DEF CROSS-MTN FOR SANCTIONS - 1**

Plaintiff seeks a finding of contempt against Defendant on the ground that witness Ian Schooley, upon the advice of defense counsel Boris Gaviria, left a deposition scheduled by Plaintiff prior to completion of the time allotted for the examination.

A review of the transcript reveals that it was a contentious proceeding.  Defense counsel made numerous objections to the form, relevancy and general propriety of Plaintiff's questions, and also objected to Plaintiff's insistence that Mr. Schooley look him in the eye when answering his questions (Id., p. 12).  The final straw for Mr. Gaviria came when Plaintiff attempted to have Mr. Schooley read into the record a document which Mr. Schooley had neither prepared himself nor had any familiarity with.  (Id., pp. 57-63.)

**Discussion**

While sympathizing with defense counsel's frustrations at Mr. Green's unschooled and frequently improper deposition technique, the Court finds that Plaintiff's examination style did not rise to a level of outrage or unreasonableness which justified Mr. Gaviria's termination of the deposition. During the course of the supplemental deposition which will occur as outlined above, it is suggested that Mr. Gaviria note his objections in the record and then move to strike any portions of the examination in which answers were elicited by improper or irrelevant questions.

For Plaintiff's part, the Court has several suggestions which may make the deposition a smoother and less objection-ridden experience:

1. It is suggested that Plaintiff write his questions out in advance and review them to insure that are not:
   a. Compound – each question should contain only a single question which requires a single answer.
   b. Irrelevant – each question must relate to a claim for relief in the Complaint.
   c. Repetitive – if a question has already been asked and answered, it may not be repeated.

**ORD ON PLTF CONTEMPT MTN &**
**DEF CROSS-MTN FOR SANCTIONS - 2**

2. If Plaintiff believes that the witness is looking to opposing counsel for "coaching" prior to answering a question, he may note that observation in the record (For example: "Let the record reflect that the witness looked at defense counsel before answering, and waited until defense counsel nodded before responding."). He may not require a witness to look him in the eyes when the witness answers his questions.

3. Plaintiff is permitted to show documents to a witness, ask the witness to read over the document (to himself) and then ask the witness questions about the contents of the document. It is not proper deposition conduct to require a witness to read any document aloud into the record which Plaintiff hands to him.

Plaintiff currently has four lawsuits pending before this Court (two against this defendant). His litigation techniques have tried the patience of everyone in the judicial system and every counsel he has opposed. This Court will continue to do its best to balance the requirements of fair, civilized and ethical legal practices against Mr. Green's right to bring his allegations of wrongdoing to a public forum. Counsel is requested to do the same.

**Conclusion**

While defense counsel's behavior in Mr. Schooley's deposition does not rise to the level of civil contempt, it is the finding of this Court that he should not have terminated the deposition prematurely. Plaintiff will be permitted to conclude the deposition of this witness and the parties are ordered to confer and arrive at a mutually agreeable date and time for the resumption of the examination, for which Plaintiff will be allotted an hour.

Defendant is ordered to bear the cost of the deposition facility (if any) and the court reporter appearance fee.

**ORD ON PLTF CONTEMPT MTN &
DEF CROSS-MTN FOR SANCTIONS - 3**

The clerk is directed to provide copies of this order to all counsel of record.

Dated: March 7, 2008

*[signature]*

Marsha J. Pechman
U.S. District Judge

**ORD ON PLTF CONTEMPT MTN &**
**DEF CROSS-MTN FOR SANCTIONS - 4**