UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICCARDO GREEN, | Case No. C07-0058MJP |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR CONTEMPT AND DISMISSAL OF CLAIMS |
| SEATTLE ART MUSEUM, | |
| Defendant. | |

This matter comes before the Court on Defendant Seattle Art Museum's motion for contempt and dismissal of claims. (Dkt. No. 127.) Plaintiff Riccardo Green opposes the motion. (Dkt. No. 129.) Having considered the motion and response, Defendant's reply (Dkt. No. 133), Plaintiff's motion for miscellaneous relief (Dkt. No. 118), all documents submitted in support thereof and the balance of the record,[1] the Court DENIES Defendant's motion, but cautions Mr. Green that any further frivolous filings or violations of the federal procedural rules will warrant the sanction of dismissal with prejudice.

**Background**

Plaintiff's claims arise from his employment as a Visitor Security Officer ("VSO") at the Seattle Art Museum ("the Museum") in 2006. Following his termination from that position, Plaintiff filed this lawsuit, alleging racial discrimination, disparate treatment, harassment, breach of

---

[1] The Court will not, however, consider any materials filed _after_ Defendant filed its reply brief. The Court therefore STRIKES docket numbers 135-138, which were filed by Mr. Green three days after the motion noting date and contain declarations and exhibits regarding his inability to pay the sanctions.

ORDER — 1

contract, hostile work environment, and retaliation. (Dkt. No. 1.) Plaintiff has subsequently filed a second lawsuit against the Museum for the Museum's refusal to re-hire him. Green v. Seattle Art Museum, C07-1735MJP.

In addition to these two cases, Mr. Green has filed thirteen others in this Court over the past four years. See Green v. Northwest Hospital, 2:04-cv-02320-JCC (closed 01/19/06); Green v. North Seattle Community College, 2:05-cv-00129-TSZ (closed 05/03/06); Green v. University of Washington, 2:06-cv-00464-MJP (closed 10/03/06); Green v. Shoreline Community College, 2:06-cv-00465-MJP (closed 12/22/06); Green v. University of Washington Temporary Staff Company, 2:06-cv-00466-MJP (closed 07/18/06); Green v. Westin Hotel (Seattle), 2:06-cv-00467-MJP (closed 09/06/06); Green v. North Seattle Community College et al., 2:06-cv-01230-JCC (closed 03/09/07); Green v. Fairmont Olympic Hotel, 2:06-cv-01231-RSL (closed 01/12/07); Green v. North Seattle Community College, 2:06-cv-01456-JCC (closed 03/06/07); Green v. HWA Inc, 2:07-cv-00079-MJP (closed 07/02/07); Green et al v. California Court Apartments LLC, 2:07-cv-00334-MJP (closed 03/10/08); Green v. Bastyr University LLC, 2:07-cv-0117-JCC (closed 12/07/07); Green v. Am. Commercial Security Servs., C07-1837-MJP (ongoing).

In response to his filing of frivolous motions, flaunting of the discovery rules, and harassing and burdensome litigation tactics, the Court has sanctioned Mr. Green three times in this case alone.[2] On December 21, 2007, the Court ordered that Mr. Green pay defense counsel's fees in responding to Mr. Green's frivolous and harassing motion to compel.[3] (Dkt. No. 73.) On

---

[2] The Court also recently sanctioned Mr. Green under Rule 11 in a separate case. See Green v. Am. Commercial Security Servs. , C07-1837MJP, Order of May 5, 2008 (Dkt. No. 56) (requiring Mr. Green to pay attorneys' fees under Rule 11 for filing a premature and unsupported motion for summary judgment).

[3] In a subsequent order, the Court ordered that Mr. Green pay $4,934.02, representing the attorneys' fees and costs, by March 31, 2007. (Dkt. No. 88.) The Court warned Mr. Green that failure to pay the sanction would result in additional sanctions, up to and including dismissal.

ORDER — 2

February 8, 2008, the Court imposed sanctions under Federal Rule 37(d) for Plaintiff's "pervasive refusal to provide adequate responses to Defendant's interrogatories."[4] (Dkt. No. 91.) On February 27, 2008, the Court imposed another $500 sanction against Mr. Green for filing a frivolous motion to regarding a deposition that needed to be rescheduled. (Dkt. No. 115.) The Court ordered that Mr. Green pay the $500 sanction within fifteen days of the order.

Defendant asserts, and Mr. Green does not dispute, that Mr. Green has not paid any of the ordered sanctions. (See Dkt. No. 134, Second Gaviria Decl. ¶ 4.) Defendant now requests that the Court find Plaintiff in contempt of Court and dismiss his case in its entirety with prejudice.

**Discussion**

District courts have inherent authority to impose sanctions on parties for improper conduct. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). To impose a sanction under its inherent authority, the Court must find that the party to be sanctioned acted in bad faith or acted recklessly and with an improper purpose. Id. at 993. Before imposing the harsh sanction of dismissal, the Court must consider, in addition to whether the party acted in bad faith, five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006) (quoting Anheuser-Busch, Inc. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995)).

Having considered all of these factors in this case, the Court concludes that the sanction of dismissal with prejudice is not warranted at this time. Mr. Green claims that he cannot pay the

---

[4] On February 22, Defendant's counsel submitted a declaration in support of Defendant's fee request for $6,798.48. (Dkt. No. 108.) The Court gave Mr. Green an opportunity to respond to that declaration and on March 3, Mr. Green filed a "Motion for Miscellaneous Relief" which is a response to the fee declaration. (Dkt. No. 118.) In that filing, Mr. Green states that he does not have the funds to pay the fees and that he did not initiate this lawsuit to be sanctioned. (Id.) To date, the Court has not issued a second order imposing the $6,798 in fees or setting a deadline for payment of those fees.

ORDER — 3

fees and has provided the Court with some documentation of his financial status. (See Dkt. Nos. 118 (two bank account statements showing negative balances); 131 (banking and savings account statements showing negative or minimal balances). Although Mr. Green has not presented these financial materials in an proper or admissible form, the Court acknowledges that Mr. Green has attempted to prove that he does not have the funds to pay the sanctions at this time. The Ninth Circuit has cautioned against imposing the sanction of dismissal with prejudice for failure to pay a fee where the sanctioned party claims that he cannot afford to pay it. See Thomas v. Gerber Prods., 703 F.2d 353, 356-57 (9th Cir. 1983). Where disobedient conduct is outside the control of the litigant (i.e., where the sanctioned party cannot afford to pay the fee), failure to comply does not demonstrate bad faith or willful conduct. Id.; see also In re Virtual Vision, Inc., 124 F.3d 1140, 1143 (9th Cir. 1997). Because he apparently has little or no money at this time, the Court cannot conclude that Mr. Green's failure to pay the sanctions is willful or in bad faith.

The Court is aware, however, that on March 18, 2008, Mr. Green paid the $455 filing fee for the Ninth Circuit Court of Appeals, in his appeal of this Court's decision in Green v. California Court Apartments, C07-334MJP. And the Court is aware that Mr. Green has paid the filing fee in many of his federal court cases. The next time Mr. Green pleads poverty, the Court will not hesitate to perform a scrutinizing evaluation of his finances to determine whether he has honestly claimed that he cannot afford to pay a sanction.

Although the Court will not dismiss this case at this time, the Court is not without power to control its docket and limit a litigant's ability to harass the opposing party. It is now apparent to the Court that imposing fines on Mr. Green for making frivolous filings and ignoring the discovery rules has little effect on his conduct. Mr. Green is hereby warned that if he files another frivolous motion or refuses to comply with any discovery or other procedural rule in this case, the Court will dismiss this action with prejudice. As the Court recently suggested in Mr. Green's case against American Commercial Security Services, that harsh sanction is warranted where a litigant abuses the judicial process:

ORDER — 4

Mr. Green's conduct in this case mirrors that in other cases — he files many motions, many of which border on being frivolous, forcing the opposing party and the Court to spend valuable resources and time analyzing and responding to his arguments. It appears that he uses these harassing litigation tactics to strong arm his opponents into settlement. . . . The Court's perspective on Mr. Green's intentions is informed, not only by his filings in the fifteen cases he has brought in this Court, but also by an email he sent to Court staff in the fall of 2006. Mr. Green inquired in that email whether there is a limit on the number of civil lawsuits an individual may file in federal court. Why would he need to make such an inquiry unless he intended to continue generating more litigation? The Court will not tolerate litigants abusing the judicial process for financial or personal gain. The Court cautions Mr. Green that it will not hesitate to impose sanctions, both monetary and non-monetary, to control its own docket and the conduct of federal court litigants and to protect the integrity of the judicial process.

<u>Green v. Am. Commercial Security Servs.</u>, C07-1837MJP, Order of May 5, 2008.

**Conclusion**

The motion for contempt and dismissal is DENIED. However, Mr. Green is warned that any further frivolous filings or violations of the federal procedural rules will warrant the sanction of dismissal with prejudice. Because it is really a response, the "Motion for Miscellaneous Relief" (Dkt. No. 118) shall be terminated on the Court's motions calendar.

The clerk is directed to send copies of this order to counsel and Mr. Green.

Dated: May 20th, 2008.

                         Marsha J. Pechman
                         United States District Judge

ORDER — 5